UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:16-cv-00645-CAS(KKx) | Date | June 15, 2016 |
|----------|------------------------|------|---------------|
| Title | STEPHEN HARRIS, ET AL V. WELLS FARGO BANK N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|------------------------|---------------------|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) - DEFENDANT WELLS FARGO BANK,
N.A.'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT (Dkt. 16, filed May 16, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of June 20, 2016, is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION

On March 8, 2016, plaintiffs Stephen Harris and Ozelia Harris (collectively, "plaintiffs") initiated this action in the San Bernadino Superior Court against defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Does 1 through 100. Dkt. 1, Notice of Removal, at 3. On April 8, 2016, Wells Fargo removed this action to this court on the basis of diversity jurisdiction. Id. Thereafter, on April 29, 2016, plaintiffs filed a First Amended Complaint ("FAC") against Wells Fargo, NBS Default Services ("NBS"), and Does 1 through 100 (collectively, "defendants"). Dkt. 11. In the FAC, plaintiffs assert claims against defendants for (1) violation of California Civil Code § 2923.6 of the Homeowner's Bill of Rights ("HBOR"); (2) violation of California Business and Professions Code § 17200, *et. seq* ("the UCL"); (3) promissory estoppel; and (4) negligence. Id. The gravamen of plaintiffs' action is that defendant Wells Fargo invited plaintiffs to submit an application for a loan modification and, while plaintiffs' application was still pending, proceeded to initiate foreclosure proceedings on plaintiffs' residence.

On May 16, 2016, Wells Fargo filed a motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 16. On May 30, 2016, plaintiffs filed an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:16-cv-00645-CAS(KKx) | Date | June 15, 2016 |
|----------|------------------------|------|---------------|
| Title | STEPHEN HARRIS, ET AL V. WELLS FARGO BANK N.A., ET AL. | | |

opposition, Dkt. 22, and on June 2, 2016, Wells Fargo filed a reply, Dkt. 25.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

On or about April 12, 2016, plaintiffs obtained a loan of $393,750 from World Savings Bank, FSB ("World Savings") in order to purchase real property located at 7284 Abigail Place, Fontana, California 92336 (the "Subject Property").  Request for Judicial Notice ("RJN"), Ex. A, Adjustable Rate Mortgage Note ("Note").[1]  This loan was memorialized in a note and secured by a deed of trust, both of which were recorded in the official records of the County of San Bernadino.  RJN, Ex. A Note, Ex. B. Deed of Trust.

On or around January 1, 2008, World Savings was renamed Wachovia Mortgage, FSB.  RJN, Ex. C, at 2, World Saving Bank Notice of Amendment.  Thereafter, in November 2009, Wachovia Mortgage, FSB changed its name to Wells Fargo Bank Southwest, N.A. and subsequently merged into defendant Wells Fargo.  Id., at 6, FDIC Profile of Wachovia Mortgage, FSB.

---

[1] Wells Fargo requests that the Court take judicial notice of several documents related to plaintiffs' mortgage which were recorded in the official public records of the County of San Bernardino.  See Dkt. 17.  The Court takes judicial notice of these documents because they are in the public record and their existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Indeed, courts routinely take judicial notice of these types of documents.  See, e.g., Liebelt v. Quality Loan Serv. Corp., No. 09-CV-05867-LHK, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011); Reynolds v. Applegate, No. C 10-04427 CRB, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb. 14, 2011); Giordano v. Wachovia Mortg., No. 5:10-cv-04661-JF, 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2011).  In addition, Wells Fargo requests that the Court take judicial notice of a several documents published by federal administrative agencies, including the Office of Thrift Supervision and the Federal Deposit Insurance Corporation.  Dkt. 17.  Records and reports of administrative bodies are appropriate for judicial notice.  Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994) (noting that a court may take judicial notice of "records and reports of administrative bodies").  Accordingly, the Court takes judicial notice of these documents as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL          'O'

| Case No. | 5:16-cv-00645-CAS(KKx) | Date | June 15, 2016 |
|---|---|---|---|
| Title | STEPHEN HARRIS, ET AL V. WELLS FARGO BANK N.A., ET AL. | | |

According to plaintiffs, on July 9, 2015, a Wells Fargo representative approached plaintiffs to inquire whether they were interested in applying for a loan modification with respect to the Subject Property. FAC ¶ 11. Plaintiffs state that they completed a loan modification application, which they submitted to Wells Fargo on August 10, 2015. Id. ¶ 12. Nevertheless, plaintiffs allege that, on December 10, 2015, prior to completing its review of plaintiffs' loan modification application, Wells Fargo, through its authorized agent NBS, recorded a Notice of Default against the Subject Property, thus placing plaintiffs at risk of losing their home at a trustee's sale. Id. ¶ 14. Plaintiffs contend that they were not informed of any determination with respect to their loan modification application, and were in fact informed on March 3, 2016 by a representative for Wells Fargo that review of their application had not been completed. FAC ¶ 15-16.

Plaintiffs now bring the instant action asserting, in brief, that defendants acted unlawfully when they recorded a Notice of Default against the Subject Property prior to completing their review of plaintiffs' loan modification application. FAC ¶ 17-18.

## III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a  cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL          'O'

| Case No. | 5:16-cv-00645-CAS(KKx) | Date | June 15, 2016 |
|----------|------------------------|------|---------------|
| Title | STEPHEN HARRIS, ET AL V. WELLS FARGO BANK N.A., ET AL. | | |

conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   ANALYSIS

### A.   California Civil Code Section 2923.6

In their first claim for relief, plaintiffs allege violations of California Civil Code section 2923.6(c), which prohibits a lender from "dual tracking"—i.e., initiating foreclosure proceedings when there is a pending "complete application for a first lien loan modification." Pursuant to section 2923.6(c), "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                 'O'

| Case No. | 5:16-cv-00645-CAS(KKx) | Date | June 15, 2016 |
|---|---|---|---|
| Title | STEPHEN HARRIS, ET AL V. WELLS FARGO BANK N.A., ET AL. | | |

mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." See also Gonzales v. Wells Fargo Bank, N.A., 2015 WL 877440, at *3 (N.D. Cal. Feb. 27, 2015) ("Section 2923.6 provides that a mortgage servicer may not record a notice of default, a notice of sale, or conduct a trustee's sale until the servicer make a written determination that the borrower is not eligible for a loan modification."). "This provision is only triggered, however, if the borrower has submitted a *complete* application for a first loan modification." Id. (citations omitted and emphasis added).

Subsection h of section 2923.6 sets forth the requirements for a loan modification application to be "complete." Specifically, for purposes of section 2923.6, an application is "deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Cal. Civ. Code. § 2923.6(h). "[C]ourts typically uphold the sufficiency of [section 2923.6(c)] claims only upon the submission of robust factual allegations demonstrating that [a plaintiff's] application was complete." Stokes v. CitiMortgage, Inc., 2014 WL 4359193, at *7 (C.D. Cal. Sep. 3, 2014) (citing Flores v. Nationstar Mortg. LLC, 2014 WL 304766, at *3 (C.D. Cal. Jan.6, 2014) (finding that a complaint adequately pled a "complete" loan modification application where plaintiff submitted the date of the application and additional documents that were requested by defendants to complete the application); Massett v. Bank of Am., N .A., 2013 WL 4833471, at *2 (C.D. Cal. Sept.10, 2013) (concluding that plaintiffs properly pled that they submitted a "complete" loan modification application where they attached to the complaint an email from defendant confirming receipt of "all of the financial documents required in order to have a speedy review for modification")).

Here, plaintiffs state only that they "submitted a complete application for a first lien loan modification application to Wells Fargo on August 10, 2015." FAC ¶ 20. However, "[w]hether a loan modification application is 'complete' is a legal determination that must be made by considering the mandates of section 2923.6(h)." Stokes, 2014 WL 4359193, at *7. And, "[a] bald allegation that a party submitted 'complete' loan modification applications—without sufficient supporting factual allegations—is a conclusory statement" which the Court may not rely upon in evaluating the sufficiency of the FAC. Id. (citing Iqbal, 556 U.S. at 679). Indeed, courts have found that allegations nearly identical to those asserted in the FAC were insufficient to state a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 5:16-cv-00645-CAS(KKx) | Date | June 15, 2016 |
|---|---|---|---|
| Title | STEPHEN HARRIS, ET AL V. WELLS FARGO BANK N.A., ET AL. | | |

claim under section 2923.6(c). See, e.g., Saridakis v. JPMorgan Chase Bank, 2015 WL 570116, at *2 (C.D. Cal. Feb. 11, 2015) (Pregerson, J.) ("Here, Plaintiff alleges only that '[d]uring the year 2013, Plaintiff submitted a completed, legible and satisfactory loan modification application' to Chase. Alone, that conclusory allegation is insufficient to plead a claim under § 2923.6(c)."); Hernandez v. Select Portfolio, Inc., 2015 WL 3914741, at *9 (C.D. Cal. Jun. 25, 2015) (Morrow, J.) (Finding allegations insufficient where, among other things, plaintiff pled "in conclusory fashion, that she submitted 'a complete first lien loan modification application' on February 10, 2014.").

Accordingly, the Court finds that plaintiffs have failed to adequately plead that they submitted a "complete" application for a first lien loan modification and, as such, have failed to state a claim for relief pursuant to section 2923.6. The Court, therefore, GRANTS Wells Fargo's motion to dismiss this claim.

**B.     California Business and Professions Code Section 17200**

Plaintiffs second claim for relief is for violation of the UCL. To state a claim under the UCL, a plaintiff must allege an "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Because [the UCL] is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." Boschma v. Home Loan Ctr., Inc., 198 Cal. App. 4th 230, 252 (Cal. Ct. App. 2011) (internal quotation marks and citation omitted). Here, plaintiffs assert a claim against Wells Fargo under the unlawful and unfair prongs of the UCL. FAC ¶ 32.

The "unlawful" prong "borrows" violations from other laws making them independently actionable as unfair competitive practices. Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1143 (2003); see also Multimedia Patent Trust v. Microsoft Corp., 525 F. Supp. 2d 1200, 1217 (S.D. Cal. 2007) ("[A]n 'unlawful' business act or practice is one that is prohibited by law, where possible sources of law are defined broadly."). While, in the FAC, plaintiffs do not identify any law that Wells Fargo purportedly violated, they base their UCL claim on the same allegations as their section 2923.6 claim. For the reasons already stated, plaintiffs have failed to adequately state a claim for violation of section 2923.6. Accordingly, the Court finds that plaintiffs have likewise failed to state a claim for relief under the unlawful prong predicated on a violation of section 2923.6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                    'O'

| Case No. | 5:16-cv-00645-CAS(KKx) | Date | June 15, 2016 |
|---|---|---|---|
| Title | STEPHEN HARRIS, ET AL V. WELLS FARGO BANK N.A., ET AL. | | |

Under the "unfair" prong, a business practice violates the UCL where it either "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." People v. Casa Blanca Convalescent Homes, Inc., 159 Cal. App. 3d 509, 530 (Cal. Ct. App. 1984), *abrogated on other grounds by* Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 186–87 & n.12 (1999)).  Here, plaintiffs allege that, by agreeing to consider plaintiffs' application for a loan modification and then, while that application was pending, initiating foreclosure proceedings, Wells Fargo engaged in "unfair" business practices.  However, plaintiffs make only conclusory allegations that Wells Fargo's conduct was "unfair."  In "determining whether the challenged conduct is unfair within the meaning of the unfair competition law . . . 'courts may not apply purely subjective notions of fairness.' " Scripps Clinic v. Superior Court, 108 Cal. App. 4th 917, 941 (Cal. Ct. App. 2003) (quoting Cel–Tech Commc'ns, 20 Cal.4th 163, 184 (Cal. 1999)).  Rather, when a plaintiff's UCL claim alleges unfair conduct in violation of public policy, "the public policy which is a predicate to the action must be 'tethered' to specific constitutional, statutory or regulatory provisions." Id. at 940.  Here, plaintiffs simply incorporate the allegations underlying their section 2923.6 claim and contend, conclusorily, that this conduct constitutes an "unfair" business practice.  This is insufficient to state a claim under the "unfair" prong of the UCL. See also Stokes, 2014 WL 4359193, at *11 ("Beyond repeating the same allegations of HBOR violations, Plaintiffs' 'unfairness' claim alleges only [conculsory allegations that defendants violated established law and/or public policies].  Plaintiffs have thus failed to identify any '*specific* constitutional, statutory or regulatory provisions' that may serve as a predicate for their 'unfair' UCL claim.") (emphasis in original) (quoting Scripps Clinic, 108 Cal. App. 4th at 940).[2]

Accordingly, the Court finds that plaintiffs have failed to state a claim for relief under the UCL and GRANTS Wells Fargo's motion to dismiss this claim.

---

[2] Moreover, to the extent plaintiffs are attempting to assert that Wells Fargo's conduct violated a public policy implicit in the HBOR, as already stated, plaintiffs' have failed to adequately allege that Wells Fargo's conduct, in fact, violated the HBOR.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                    'O'

| Case No. | 5:16-cv-00645-CAS(KKx) | Date | June 15, 2016 |
|----------|------------------------|------|---------------|
| Title | STEPHEN HARRIS, ET AL V. WELLS FARGO BANK N.A., ET AL. | | |

### C.    Promissory Estoppel

Plaintiffs' third claim is for promissory estoppel.  The elements of promissory estoppel are: (1) a clear and unambiguous promise; (2) reasonable and foreseeable reliance by the party to whom the promise was made; (3) substantial detriment or injury caused by the reliance on the promise; and (4) damages measured by the extent of the obligation assumed and not performed.  See U.S. Ecology, Inc. v. State, 129 Cal. App. 4th 887, 901 (2005).

Here, the Court finds that plaintiff's have failed to satisfy the first of these elements—that Wells Fargo made plaintiff's a "clear and unambiguous promise."  To be enforceable under the doctrine of promissory estoppel, a promise must be "definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages. " Garcia v. World Savs. Bank, FSB, 183 Cal. App. 4th 1031, 1045 (Cal. Ct. App. 2010) (citations omitted).  In the FAC, plaintiffs allege only that "[b]y agreeing to consider Plaintiffs for a loan modification and by holding itself out to be a mortgage servicer that works 'to offer [homeowners] options to help [them] stay in [their] home[s],' Wells Fargo made a clear promise to Plaintiffs that it would review Plaintiffs' application for a loan modification and determine if Plaintiffs were eligible for a loan modification or other foreclosure alternatives."  FAC ¶ 36.  These allegations fail to identify any of the terms of Wells Fargo's purported promise to plaintiffs, nor do they provide sufficient facts for the Court to determine the scope of any duty owed to plaintiffs by Wells Fargo. In fact, it is not even clear what Wells Fargo is alleged to have promised plaintiffs and, at most, these allegations suggest that Wells Fargo implied to plaintiffs that it would consider their loan modification application in good faith.  This is insufficient to support a claim for promissory estoppel.  See also Hosseini v. Wells Fargo Bank, N.A., 2013 WL 4279632, at *6 (N.D. Cal. Aug. 9, 2013) ("The only promise made by Defendant that Plaintiffs identify is the statement that it would provide a "good faith evaluation" of the loan modification application. Although this representation implies something about the future, it is not a clear, unambiguous, enforceable promise that would support a promissory estoppel claim.").

In addition, the Court finds that plaintiffs have failed to establish that they "reasonably" relied upon Wells Fargo's purported promise.  Plaintiffs assert that, in reliance upon Wells Fargo's representations they "did not seek other remedies or viable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:16-cv-00645-CAS(KKx) | Date | June 15, 2016 |
|----------|------------------------|------|---------------|
| Title | STEPHEN HARRIS, ET AL V. WELLS FARGO BANK N.A., ET AL. | | |

alternatives to foreclosure," such as selling the Subject Property.  However, plaintiffs do not allege that Wells Fargo ever represented that it *would* grant plaintiffs' application for a loan modification; rather, at most, the FAC alleges that Wells Fargo represented that it would *consider* plaintiffs' application for a loan modification.  See also Hosseini, 2013 WL 4279632, at *6 (N.D. Cal. Aug. 9, 2013) ("A promise to evaluate an application in good faith is not a promise of an actual modification."); Macris v. Bank of America, N.A., 2012 WL 273120, at *8 (E.D. Cal. Jan. 30, 2012) ("[T]here is no clear promise of loan modification on which plaintiffs detrimentally relied to induce damage to plaintiffs. The complaint merely reflects plaintiffs' attempt to seek a loan modification and B of A's enforcement of foreclosure rights.").  Accordingly, the Court also finds that plaintiffs have failed to allege that they reasonably relied on Wells Fargo's purported promise when they declined to seek "other remedies or viable alternatives to foreclosure."

For the foregoing reasons, the Court GRANTS Wells Fargo's motion to dismiss plaintiffs' third claim, for promissory estoppel.

## D.    Negligence

Finally, plaintiffs assert a claim against Wells Fargo for negligence.  To state a negligence claim, a plaintiff must show "that the defendant owed the plaintiff a legal duty, that the defendant breached that duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff."  Salinas v. Martin, 166 Cal. App. 4th 404, 411 (Cal. Ct. App. 2008).

Here, plaintiffs allege that Wells Fargo had a duty to exercise reasonable care in considering plaintiffs' application for a loan modification and that Wells Fargo breached this duty.  "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  Nymark v. Heart Fed. Savings & Loan Ass'n., 231 Cal. App. 3d 1089, 1096 (Cal. Ct. App. 1991).  Rather, "[l]iability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender."  Id. (citations omitted).  At present, there is a split of authority among California courts regarding whether a financial institution owes borrowers a duty of care in processing loan modification applications.  In particular, two California Court of Appeal cases recently reached opposite conclusions on this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL          'O'

| Case No. | 5:16-cv-00645-CAS(KKx) | Date | June 15, 2016 |
|----------|------------------------|------|---------------|
| Title | STEPHEN HARRIS, ET AL V. WELLS FARGO BANK N.A., ET AL. | | |

In the first of these cases, <u>Lueras v. BAC Home Loans Servicing, LP</u>, the court reasoned that a loan modification was simply the renegotiation of loan terms, "which falls squarely within the scope of a lending institution's conventional role as a lender of money. 221 Cal. App. 4th 49, 67 (Cal. Ct. App. 2013). Accordingly, the court concluded that lending institutions "[do] not have a common law duty of care to offer, consider, or approve a loan modification, or to offer . . . alternatives to foreclosure." <u>Id.</u> at 68. A year later, in <u>Alvarez v. BAC Home Loans Servicing, LP</u>, a different panel of the California Court of Appeal concluded that lending institutions *do* owe a duty to exercise reasonable care in processing and reviewing plaintiffs' loan modification applications. 228 Cal. App. 4th 941, 948 (Cal. Ct. App. 2014)

Here, the Court determines to follow the reasoning of <u>Lueras</u> and finds that Wells Fargo did not owe a duty of care to plaintiffs in considering their application for a loan modification. First, the Court notes that the "the majority of cases that have addressed the issue of whether a financial institution owes a duty to a borrower when engaging in the loan modification process have resulted in a holding that such activity generally does not exceed the traditional scope of a money lender, thus resulting in the lack of a duty of care owed by the lender." <u>Becker v. Wells Fargo Bank N.A., Inc.</u>, 2014 WL 3891933, at *19 (E.D. Cal. Aug. 7, 2014) (citing <u>Deschaine v. IndyMac Mortgage Servs.</u>, 2013 WL 6054456, at * 7 (E.D. Cal. Nov. 15, 2013) (dismissing negligence claim "[b]ecause the majority of California courts hold that loan modification activities are part and parcel of a loan servicer's 'conventional role as a lender of money,' and because plaintiff has not alleged any facts that show a special relationship with [defendant].") (citation omitted); <u>Diunugala v. JP Morgan Chase Bank, N.A.</u>, 2013 WL 5568737, at *4 (S.D. Cal. Oct. 3, 2013) ("Absent special circumstances, there is no duty for a servicer to modify a loan."); <u>Sanguinetti v. Citi Mortgage, Inc.</u>, 2013 WL 4838765, at *6 (N.D. Cal. Sept. 11, 2013) ("Loan modifications are part of the lending process, and negotiating a lending agreement's terms is one of a bank's key functions."); <u>Bunce v. Ocwen Loan Servicing, LLC</u>, WL 3773950, at *5–*6 (E.D. Cal. July 17, 2013) (holding that a lender does not owe duty in loan modification activities); <u>Armstrong v. Chevy Chase Bank, FSB</u>, 2012 WL 4747165, at *4 (N.D. Cal. Oct. 3, 2012) ("Outside of actually lending money, it is undebatable that negotiating the terms of the lending relationship is one of the key functions of a money lender. For this reason, [n]umerous cases have characterized a loan modification as a traditional money lending activity.") (citations omitted); <u>Dooms v. Federal Home Loan Mortgage Corp.</u>, 2011 WL 1232989, at *12 (E.D. Cal. Mar. 31, 2011) ("The [lender] owed no duty of care to [the borrower] arising from her default,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:16-cv-00645-CAS(KKx) | Date | June 15, 2016 |
|----------|------------------------|------|----------------|
| Title | STEPHEN HARRIS, ET AL V. WELLS FARGO BANK N.A., ET AL. | | |

property foreclosure, and loan modification attempts"); <u>DeLeon v. Wells Fargo Bank,
N.A.</u>, 2010 WL 4285006, at *45 (N.D. Cal., Oct. 22, 2010) (holding that the defendant
lender did not have a duty "to complete the loan modification process")).  And, even
following <u>Alvarez</u>, district courts have continued to find that lending institutions do not
owe a duty of care in considering loan modification application.  <u>See, e.g.</u>, <u>Carbajal v.
Wells Fargo Bank N.A., Inc.</u> 2015 WL 2454054 at *7 (C.D. Cal. Apr. 10, 2015) ("The
Court concludes that Wells Fargo was acting as a conventional lender of money when it
accepted and considered applications seeking to modify Plaintiff's loan terms; therefore,
Wells Fargo did not owe Plaintiff a duty of care when reviewing the applications."); 
<u>Hernandez v. Select Portfolio, Inc.</u>, 2015 WL 3914741, *22 (C.D. Cal. June 25, 2015)
("[T]he court concludes that a lender that agrees to consider a borrower's loan
modification application does not act outside its conventional role as a money lender and
does not owe a duty of care").[3]

Second, in <u>Alvarez</u>, the court relied, at least in part, on the decision in <u>Jolley v.
Chase Home Finance, LLC</u>, 213 Cal. App. 4th 872 (Cal. Ct. App. 2013).  In <u>Jolley</u>, the
California Court of Appeal considered whether a lending institution owed a duty of care
to a borrower and concluded: "where there was an ongoing dispute about WaMu's
performance of the construction loan contract, where that dispute appears to have bridged
the FDIC's receivership and Chase's acquisition of the construction loan, and where
specific representations were made by a Chase representative as to the likelihood of a
loan modification, a cause of action for negligence has been stated that cannot be
properly resolved based on lack of duty alone."  <u>Id.</u> at 898.  Relying on this decision,
some district courts and the court in <u>Alvarez</u> have found that lenders owe a duty of care in
the context of loan modifications.  <u>See, e.g.</u>, <u>Ansanelli v. JP Morgan Chase Bank, N.A.</u>,
2011 WL 1134451, at *7 (N.D. Cal. Mar. 28, 2011).  However, in an unpublished
decision, <u>Benson v. Ocwen Loan Servicing, LLC</u>, the Ninth Circuit expressly found that
the decision in <u>Jolley</u>, which arose in the context of construction lending, did not apply to
residential loans.  562 Fed. App'x. 567, 569–70 (9th Cir. 2014) ("The duty of care

---

[3] Nonetheless, the Court recognizes that, relying on the decision in <u>Alvarez</u>, an
increasing number of district courts have found that lending institutions do owe a duty of
care in the context of loan modifications.  <u>See, e.g.</u>, <u>Hatton v. Bank of America, N.A.</u>,
2015 WL 4112283, *9–10 (E.D. Cal. July 8, 2015); <u>Rijhwani v. Wells Fargo Home
Mortg., Inc.</u>, 2015 WL 3466608, *22 & n. 7 (N.D. Cal. May 30, 2015); <u>Miller v. Wells
Fargo</u>, 2015 WL 5074466, *6–7 (C.D. Cal. Aug. 27, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 5:16-cv-00645-CAS(KKx) | Date | June 15, 2016 |
|---|---|---|---|
| Title | STEPHEN HARRIS, ET AL V. WELLS FARGO BANK N.A., ET AL. | | |

imposed on construction lenders, see Jolley v. Chase Home Fin., LLC [], does not apply in the residential loan context"); see also Aspiras v. Wells Fargo Bank, N.A., 162 Cal. Rptr.3d 230, 242–43 (Cal. App. Aug. 21, 2013) (Unpub. Disp.) (holding, in a case involving the possible modification of a residential loan, that the reasoning in Jolley was dicta, that the circumstances underlying residential loans and construction loans are distinguishable, and that "the handling of loan modification negotiations or servicing is a typical lending activity that precludes imposition of a duty of due care").  Moreover, in Benson, the Ninth Circuit cited Lueras with approval for the proposition that the lender, HSBC Bank, did not owe a common law duty of care to the borrower.  Benson, 562 Fed. App'x, at 569-570.

Finally, the Court notes that in two recent unpublished decisions the Ninth Circuit has found that lending institutions do not owe a duty of care in considering and processing loan modification applications.  See Deschaine v. IndyMac Mortg. Servs., 617 Fed. App'x. 690, 693 (9th Cir. 2015) ("The district court did not err in dismissing Deschaine's negligence claim, because IndyMac did not have 'a common law duty of care to offer, consider, or approve a loan modification, or to explore and to offer [Deschaine] foreclosure alternatives' . . . IndyMac owed no duty of care to Deschaine when considering his request for a loan modification, because 'a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money.' ") (quoting Lueras, 221 Cal. App. 4th at 67-68); Badame v. J.P. Morgan Chase Bank, N.A., — Fed. App'x. —, 2016 WL 697136, at *1 (9th Cir. Feb. 22, 2016) ("Plaintiffs failed to show that they met the first element of a negligence claim, because Chase did not have 'a common law duty of care to offer, consider, or approve a loan modification.' ") (quoting Lueras, 221 Cal. App. 4th at 68).[4]

---

[4] In addition, at least one Court has noted that: "In cases where courts have found a legal duty [in the loan modification context], the allegations showed that a defendant mishandled documents or a plaintiff otherwise alleged misconduct beyond a procedural violation of the Homeowners Bill of Rights."  Guillermo v. Caliber Home Loans, Inc., 2015 WL 4572398, at *6 (N.D. Cal. Jul. 29, 2015) (citing Alvarez, 228 Cal. App. 4th at 945 (the plaintiffs alleged that defendants relied on incorrect information to deny plaintiffs' applications for loan modification); Rijhwani, 2014 WL 890016, at *17 (the plaintiffs alleged that the defendant tricked them into defaulting on a loan and instructed them to ignore notices, while the defendant sold their home at a foreclosure sale)).  Here,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 5:16-cv-00645-CAS(KKx) | Date | June 15, 2016 |
|---|---|---|---|
| Title | STEPHEN HARRIS, ET AL V. WELLS FARGO BANK N.A., ET AL. | | |

For all of these reasons, the Court finds that Wells Fargo did not owe plaintiffs a duty of care in considering their application for a loan modification. <u>See also</u> <u>Griffin v. Green Tree Servicing, LLC</u>, 2015 WL 10059081 (C.D. Cal. Oct. 1, 2015) (Morrow, J.) (finding no duty of care and stating: "The court agrees with the California Court of Appeal in <u>Lueras</u> and the Ninth Circuit in <u>Benson</u> and <u>Deschaine</u> that there is no principled way to distinguish the process of applying for an original loan from the process of applying for a loan modification; both involve activities clearly within the conventional role of mere lenders of money."). Accordingly, plaintiffs have failed to state a claim for negligence. <u>LiMandri v. Judkins</u>, 52 Cal. App. th 326, 349 (Cal. Ct. App. 1997) ("[Plaintiff's] inability to plead a duty of care . . . precludes his maintenance of a cause of action on any negligence theory.").

Moreover, even if the Court found that Wells Fargo did owe plaintiffs a duty of care, it would still find that plaintiffs have failed to allege that they suffered damages as a result of Wells Fargo's purported negligence in handling their loan modification application. Plaintiffs allege that, "[b]ecause of Wells Fargo's negligence, Plaintiffs were not considered for and did not have an opportunity to obtain available loss mitigation options" and, "[a]s a proximate result of Wells Fargo's acts, . . . Plaintiffs are at a risk of losing their home at a trustee's sale." FAC ¶¶ 49-50. However, plaintiffs fail to allege that, but for Wells Fargo's negligence, their application for a loan modification would have been approved. Indeed, as explained *supra*, plaintiffs have failed to adequately allege that they even submitted a "complete" application for a loan modification. <u>See also</u> <u>Griffin v. Green Tree Servicing, LLC</u>, —F. Supp. 3d—, 2015 WL 10635506, at*14 (dismissing claim for negligence where, *inter alia*, "[t]he complaint [did] not allege that, but for defendants' purported negligence, [plaintiff's] loan modification application would have been approved."); <u>Maomanivong v. Nat'l City Mortg. Co.</u>, 2014 WL 4623873, *16 (N.D. Cal. Sept. 15, 2014) (same). And plaintiffs' make no effort to explain why Wells Fargo's purported negligence prevented them from pursuing viable alternatives to foreclosure other than loan modification. Accordingly, the Court also

---

as in <u>Guillermo</u>, plaintiffs have not alleged facts showing that Wells Fargo mishandled their loan modification application or relied on inaccurate information; rather, plaintiffs contend that it was negligent for Wells Fargo to initiate foreclosure proceedings while their loan modification application was still pending, which is the same allegation that forms the basis of plaintiffs' claim for violation of section 2923.6 of the HBOR.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:16-cv-00645-CAS(KKx) | Date | June 15, 2016 |
|---|---|---|---|
| Title | STEPHEN HARRIS, ET AL V. WELLS FARGO BANK N.A., ET AL. | | |

finds that plaintiffs have failed to adequately allege that they suffered damages as a proximate result of Wells Fargo's purported negligence. See also Stiles v. Wells Fargo Bank, 2014 WL 7146950, *7 (N.D. Cal. Dec. 15, 2014) (dismissing a negligence claim where, *inter alia*, plaintiff did "not adequately allege[ ] that she suffered damages as a result of any negligence on Defendant's part").

The Court, therefore, GRANTS Wells Fargo's motion to dismiss plaintiffs' fourth claim, for negligence.

### E.      Preemption Under the Home Owners' Loan Act

In addition to arguing that plaintiffs' claims fail substantively, Wells Fargo also argues that plaintiffs' first, second, and fourth claims for relief are preempted by the Home Owners' Loan Act ("HOLA") of 1933, 12 U.S.C. § 1461, *et seq.*, and the regulations promulgated thereunder by the Office of Thrift Supervision ("OTS"). Specifically, Wells Fargo argues that because plaintiffs' loan originated with World Savings, a federal savings bank regulated by the OTS and chartered pursuant to the provisions of HOLA, claims related to plaintiffs' loan are subject to HOLA preemption.

While, "the majority of cases have concluded that HOLA preemption continues to apply to conduct related to loans originated by a federal savings bank even after those banks are merged into national banking associations [such as Wells Fargo]," Harmon v. Wells Fargo Bank, N.A., 2014 U.S. Dist. LEXIS 77362, at *8 (C.D. Cal. June 2, 2014) (collecting cases), the growing trend amongst district courts in the Ninth Circuit appears to be to find that HOLA preemption only applies to conduct arising *before* a federal savings bank merged with a national bank association, see Rijhwani v. Wells Fargo Home Morg., Inc., 2014 WL 890016, at *7 (N.D. Cal. Mar. 3, 2014) ("[D]istrict courts have more recently questioned the logic of allowing a successor party such as Wells Fargo to assert HOLA preemption, especially when the wrongful conduct alleged was done after the federal savings association or bank ceased to exist. Those courts usually have applied HOLA preemption only to conduct occurring *before* the loan changed hands from the federal savings association or bank to the entity not governed by HOLA.") (emphasis added) (citing Cerezo v. Wells Fargo Bank, 2013 WL 4029274, at *2–4 (N.D. Cal. Aug. 6, 2013); Leghorn v. Wells Fargo Bank, N.A., 950 F. Supp. 2d 1093, 1107–08 (N.D. Cal.2013); Hopkins v. Wells Fargo Bank, N.A., 2013 WL 2253837, at *3 (E.D. Cal. May 22, 2013); Rhue v. Wells Fargo Home Mortgage, Inc., 2012 WL 8303189, at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL          'O'

| Case No. | 5:16-cv-00645-CAS(KKx) | Date | June 15, 2016 |
|---|---|---|---|
| Title | STEPHEN HARRIS, ET AL V. WELLS FARGO BANK N.A., ET AL. | | |

*2–3 (C.D. Cal. Nov. 27, 2012); <u>Rodriguez v. U.S. Bank Nat. Ass'n</u>, 2012 WL 1996929, at *7 (N.D. Cal. June 4, 2012); <u>Albizo v. Wachovia Mortgage</u>, 2012 WL 1413996, at *15–16 (E.D. Cal. Apr. 20, 2012); <u>Scott v. Wells Fargo Bank, N.A.</u>,2011 WL 3837077, at *4–5 (D. Minn. Aug. 29, 2011); <u>Gerber v. Wells Fargo Bank, N.A.</u>, 2012WL 413997, at*4 (D. Ariz. Feb.9, 2012); <u>Valtierra v. Wells Fargo Bank, N.A.</u>, 2011 WL 590596, *4 (E.D.Cal. Feb. 10, 2011)); <u>see also</u> <u>Pimentel v. Wells Fargo</u>, 2015 WL 2184305, at *5 (N.D. Cal. May 7, 2015) ("HOLA preemption applies where the allegations concern actions taken by a federal savings association or bank, even if that federal savings association is later acquired by a national bank.  However, this Court disagrees with cases that extend this conclusion to apply HOLA preemption to Wells Fargo's own post-merger conduct."); <u>Penermon v. Wells Fargo</u>, 47 F. Supp. 3d 982, 995 (N.D. Cal. 2014) (same).

Nonetheless, the Court need not decide this issue for purposes of ruling on the instant motion because, as stated *supra*, the Court finds that, on the merits, plaintiffs have failed to state a claim for relief under any of their claims.

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS WITHOUT PREJUDICE** Wells Fargo's motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs are hereby granted **thirty (30) days** in which to file an amended complaint.  Failure to file an amended complaint addressing the deficiencies identified herein may result in dismissal of plaintiffs' claims with prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |